IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

JORGE ALBERTO CHAVEZ-RAMIREZ,          §
                                        §
        *Petitioner*,                   §
                                        §
v.                                      §
                                        §
CALEB VITELLO, ACTING DIRECTOR,         §
U.S. IMMIGRATION AND CUSTOMS            §
ENFORCEMENT; WARDEN OF IAH              §    CIVIL ACTION NO. 9:26-CV-00389
SECURE ADULT DETENTION FACILITY;        §    JUDGE MICHAEL J. TRUNCALE
TODD M. LYONS, ACTING DIRECTOR          §
OF ICE; PAM BONDI, ATTORNEY             §
GENERAL OF THE UNITED STATES,           §
                                        §
        *Respondents*.                  §

## ORDER DENYING *PRO SE* PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jorge Alberto Chavez-Ramirez ("Chavez-Ramirez")'s

Petition for Writ of Habeas Corpus (the "Second Petition") [Dkt. 1]. For the following reasons, the

Petition is **DENIED**.

### I. BACKGROUND

Petitioner Jorge Alberto Chavez-Ramirez is a Salvadorian national. [Dkt. 1 at 2]. On

November 18, 2025, United States Immigration and Customs Enforcement ("ICE") detained

Chavez-Ramirez. *Id.* at 3.

On February 16, 2026, Chavez-Ramirez brought a habeas corpus petition (the "First

Petition"), claiming that that his detention violated the Fifth Amendment to the United States

Constitution and the Suspension Clause.[1] The Court denied Chavez-Ramirez's First Petition on

---

[1] *See* Petition for Writ of Habeas Corpus, Chavez-Ramirez v. Bondi, No. 9:26-cv-137 (E.D. Tex. Feb. 16, 2026), Dkt.
No. 1. While the dates in question are different, the exhibits in that case list the same detainee file number. *See id.*

1

April 7, 2026.[2] Chavez-Ramirez then filed his Second Petition on May 26, 2026. [Dkt. 1]. The Second Petition raises substantially similar arguments as the First Petition. *See id.*

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Second or Successive Habeas Petition

Generally, it is an "abuse of the writ" of habeas corpus to file a second habeas petition asserting grounds for relief that could have been raised in the first petition. *McGary v. Scott*, 27 F.3d 181, 183 (5th Cir. 1994). District courts have "sound discretion" to dismiss second or successive habeas petitions as abuses of the writ. *Id.* Dismissal is improper only when the petitioner demonstrates that some "external impediment" prevented him from raising his arguments in his first petition, and that dismissal would prejudice him. *See id.*

Here, Chavez-Ramirez's Second Petition essentially re-states all of the arguments contained in his First Petition.[3] Accordingly, Chavez-Ramirez's Second Petition is an abuse of the

---

[2] *See* Order Denying Petition for Writ of Habeas Corpus, Chavez-Ramirez v. Bondi, No. 9:26-cv-137 (E.D. Tex. April. 7, 2026), Dkt. No. 8.

[3] *Compare* [Dkt. 1] *with* Petition for Writ of Habeas Corpus Chavez-Ramirez v. Bondi, No. 9:26-cv-137 (E.D. Tex. Feb. 16, 2026), Dkt. No. 1.

writ of habeas corpus. *See McGary*, 27 F.3d at 183.

## IV. CONCLUSION

It is therefore **ORDERED** that Chavez-Ramirez's *Pro Se* Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 22nd day of June, 2026.**

Michael J. Truncale
United States District Judge

3